IN THE UNITED STATES DISTRICT COURT ⁿFILED BY____⚡____D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION                    05 AUG 29 PM 2: 49

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

EDWARD JOHNSON,                    X
                                   X
                                   X
        Petitioner,                X
                                   X
vs.                                X        No. 04-3032-Ml/P
                                   X
TONY PARKER,                       X
                                   X
        Respondent.                X
                                   X

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH


        Petitioner Edward Johnson, Tennessee Department of
Correction ("TDOC") prisoner number 165254, an inmate at the
`Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee,
filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254 on December 20, 2004,[1] along with an application seeking
leave to proceed in forma pauperis and an affidavit attesting to
the steps taken to exhaust his claims. The Court issued an order on
May 11, 2005, denying leave to proceed in forma pauperis and
directing the Petitioner to pay the habeas filing fee within thirty

---

        [1]    Although Johnson also purports to invoke 28 U.S.C. § 2255, that
provision is inapplicable because Johnson is challenging only state sentences.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 8·29-05



days. Johnson paid the habeas filing fee on May 25, 2005. The Clerk shall record the Respondent as NWCX Warden Tony Parker.[2]

Johnson has filed a number of additional documents in further support of his petition. On January 19, 2005, the Clerk docketed a letter from Johnson asking for a copy of the docket sheet. On January 25, 2005, Johnson filed additional documents in support of his petition. On February 24, 2005, Johnson filed a document, entitled "Motion Praying Help." On March 7, 2005, Johnson filed a document entitled "Supplemental Amendment to Exhaustion Issues." On June 1, 2005, Johnson filed a document entitled "Amendment to Conform to Evidence of Exhaustion."

I.    STATE COURT PROCEDURAL HISTORY

It appears from the petition that Johnson is challenging three separate judgments entered in the Shelby County Criminal Court in case nos. 02-01544, 03-05806, and 04-02186. In case no. 02-01544, Johnson entered a guilty plea to the class C felony of theft of property over $10,000 in violation of Tenn. Code Ann. § 39-14-103 and was sentenced to three years imprisonment at 30%. Johnson was awarded eight hundred eighty-three (883) days jail credit. The judgment in that case was entered on May 6, 2004.

---

[2]    Although the petition lists Shelby County District Attorney General William Gibbons, Shelby County Circuit Court Clerk Jimmy Moore, and Shelby County Criminal Court Clerk William Keys as additional respondents, the only proper respondent to a habeas petition is the petitioner's custodian. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004). The Clerk is ORDERED to remove Gibbons, Moore, and Keys as parties to this action.

In case no. 04-02186, Johnson entered a guilty plea to attempted robbery in violation of Tenn. Code Ann. § 39-12-101, a class D felony, and was sentenced to two years at 30%. Judgment was entered on June 29, 2004. The judgment reflects that Johnson was awarded five hundred thirty-one (531) days jail credit.

The petition also alleges that, in case no. 03-05806, Johnson was convicted following a jury trial of theft of property, a class E felony, and was sentenced on April 6, 2004, to six years consecutive to his other sentences. He was also designated a career offender, meaning that he is eligible for release after serving sixty percent (60%) of his sentence.

II.   PETITIONER'S FEDERAL HABEAS CLAIMS

In this petition, Johnson does not challenge the validity of any of the three convictions at issue. Instead, he challenges TDOC's calculation of his release date on the basis that he was not properly credited with the time spent in the Shelby County Jail.

III. ANALYSIS OF THE MERITS

This Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a

3

federal habeas court to reexamine state-court determinations on state-law questions"); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984). Johnson's claim seeking sentence credits derives entirely from Tennessee statutory law. <u>Brown v. Tennessee Dep't of Correction</u>, No. M1999-02519-COA-R3-CV, 2001 WL 177059 (Tenn. Ct. App. Feb. 23, 2001) ("The opportunity for an inmate to earn credits toward reducing his sentence derives exclusively from statute. Eligibility for such credits is determined solely from the statutes themselves."); <u>see also</u> Tenn. Code Ann. § 40-23-101© ("The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the . . . county jail . . . pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried."). This Court therefore may not entertain Johnson's challenge to the TDOC's calculation of this release date.

Even if the alleged errors pertaining to the calculation of jail credit were cognizable under § 2254, Johnson has plainly failed to properly exhaust this claim. Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

4

    (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

        (A)   the applicant has exhausted the remedies available in the courts of the State;  or

        (B)   (I)   there is an absence of available State corrective process;  or

                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. _E.g._, _Granberry v. Greer_, 481 U.S. 129, 133-34 (1987); _Rose v. Lundy_, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254©; _Preiser v. Rodriquez_, 411 U.S. 475, 477, 489-90 (1973).

    To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. _Picard v. Connor_, 404 U.S. 270, 275-76 (1971); _Rust v. Zent_, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in

5

habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" <u>Id.</u> at 163 (quoting <u>Picard</u>, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." <u>Id.</u>

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." <u>Id.</u> When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>see also</u> <u>Pillette v. Foltz</u>, 824 F.2d 494, 496 (6th Cir. 1987). He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. <u>Pillette</u>, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>see also</u> <u>Duncan v.</u>

6

<u>Henry</u>, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. <u>Coleman v. Thompson</u>, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this procedural default from seeking federal habeas review. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. <u>Smith v. Digmon</u>, 434 U.S. 332 (1978) (per curiam); <u>see also</u> <u>Baldwin v. Reese</u>, 124 S. Ct. 1347, 1350-51 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. <u>Coleman</u>, 501

U.S. at 752-53; <u>Teague v. Lane</u>, 489 U.S. 288, 297-99 (1989); <u>Wainwright</u>, 433 U.S. at 87-88; <u>Rust</u>, 17 F.3d at 160.

The various documents filed by Johnson on the issue of exhaustion indicate that he has failed to properly exhaust this claim in state court. In order to challenge TDOC's alleged failure to award him the appropriate sentence credits, Johnson must proceed under the Tennessee Administrative Procedure Act by filing a declaratory judgment action in the Davidson County Chancery Court. <u>Brigham v. Lack</u>, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); <u>see Malone v. State</u>, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *2 (Tenn. Crim. App. June 6, 2005); <u>State v. Lyons</u>, No. 01C01-9506-CC-00198, 1996 WL 337343, at *1 (Tenn. Crim. App. June 20, 1996); <u>Brock v. Tennessee Dep't of Corrections</u>, No. 01-C-019010-CC-00269, 1991 WL 136340 (Tenn. Crim. App. July 26, 1991); <u>State v. Kuntz</u>, No. 01-C-019101-CR-00019, 1991 WL 101857 (Tenn. Crim. App. June 14, 1991). Because it appears that Johnson has failed to file a petition in the proper court, and has failed to present his claims to Tennessee's highest court, the exhaustion requirement has not been satisfied. <u>Preiser v. Rodriquez</u>, 411 U.S. at 489-90.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to

service on the respondent is proper. Rule 4, Section 2254 Rules. The petition is DISMISSED.

IV.  <u>APPEAL ISSUES</u>

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©; <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were

"'adequate to deserve encouragement to proceed further.'" Slack,

529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

> The Supreme Court recently cautioned against undue
limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require
> a showing that the appeal will succeed. Accordingly, a
> court of appeals should not decline the application of a
> COA merely because it believes the applicant will not
> demonstrate an entitlement to relief. The holding in
> Slack would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail. It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief. After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot,

463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more
> than the absence of frivolity'" or the existence of mere
> "good faith" on his or her part. . . . We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342

(cautioning courts against conflating their analysis of the merits

with the decision of whether to issue a COA; "The question is the

debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, there can be no question that any appeal by this Petitioner does not deserve attention for the reasons previously stated. The Court, therefore, DENIES a certificate of appealability.

The United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Kincade, 117 F.3d at 952. If the

---

[3]     By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

[4]     Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

11

motion is denied, the petitioner may renew the motion in the appellate court.

> Rule 24(a)(1) provides that:
>
> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(3)(A). For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this Petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this ___29___ day of August, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-03032 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Edward Johnson
NORTHWEST CORRECTIONAL COMPLEX
165254
960 State Route 212
Tiptonville, TN 38079

Honorable Jon McCalla
US DISTRICT COURT